**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **PARTHA A. RAI CHOWDHURI**<br>18415 Honeylocust Circle<br>Gaithersburg, Maryland 20879<br><br>Plaintiff,<br>v.<br><br>**SGT, INC.**<br>7701 Greenbelt Road, Suite 400<br>Greenbelt, Maryland 20770<br><br>SERVE: CSC-Lawyers Incorporating Service Co.<br>7 St. Paul Street, Suite 820<br>Baltimore, Maryland 21202<br><br>and<br><br>**CYBERDATA TECHNOLOGIES, INC.**<br>455 Springpark Place, Suite 300<br>Herndon, Virginia 20170<br><br>SERVE: Amy Hong Liu<br>455 Springpark Place, Suite 300<br>Herndon, Virginia 20170<br><br>Defendants. | ) | Case No. ____________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**COMES NOW THE PLAINTIFF,** Partha A. Rai Chowdhuri, by undersigned counsel, and for his Complaint against Defendants SGT, Inc. and Cyberdata Technologies, Inc. respectfully states as follows:

**NATURE OF THE CASE**

This is a civil rights action brought pursuant to 42 U.S.C. §2000(e), 42 U.S.C. §1981, Maryland State Government Article 20, and the Prince George's County Code, Division 12, Subdivision 7 (§2-222) by the Plaintiff Partha A. Rai Chowdhuri for Defendants' violations of

federal, state and local statutes. As further detailed in the "Facts Common To All Counts" section, Defendants are joint employers, and jointly and severally liable to Plaintiff, because each Defendant shared control and supervision of Plaintiff's employment. In addition, Plaintiff alleges that he was subjected to a hostile work environment and retaliatory conduct.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

2. Venue is proper in this district under 28 U.S.C. §1391(b) because the acts complained of took place in this judicial district.

3. This Court has supplemental jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. §1367.

**PARTIES**

4. Plaintiff Partha A. Rai Chowdhuri ("Plaintiff" or "Mr. Chowdhuri") is now, and at all relevant times has been, an adult resident of the State of Maryland. Plaintiff is a dark skinned Asian and a native of India.

5. At all times relevant to this action, Defendant SGT, Inc. ("SGT") has been a Maryland corporation with its principal place of business located at 7701 Greenbelt Road, Suite 400, Greenbelt, Maryland 20770. At all times, SGT was aware of, ratified and confirmed the actions of its employees, agents and/or representatives, each of which were acting within the scope of his/her/its employment. SGT is an "employer" within the meaning of the applicable federal, state and local statutes.

6. At all times relevant to this action, Defendant Cyberdata Technologies, Inc. ("Cyberdata") has been a Virginia corporation with its principal place of business located at 455 Springpark Place, Suite 300, Herndon, Virginia 20170. At all times, Cyberdata was aware of,

ratified and confirmed the actions of its employees, agents and/or representatives, each of which were acting within the scope of his/her/its employment. Cyberdata is an "employer" within the meaning of the applicable federal, state and local statutes.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff has exhausted his administrative remedies and has timely filed this Complaint.

8. On or about December 4, 2015, Mr. Chowdhuri submitted his Charge of Discrimination against SGT, Inc. with the Prince George's County Human Relations Commission (assigned EEOC Case No. 531-2016-00346) alleging discrimination based on race, color, national origin and retaliation.

9. On or about January 14, 2016, Mr. Chowdhuri submitted his Charge of Discrimination against Cyberdata Technologies, Inc. with the Maryland Commission on Civil Rights (assigned EEO Case No. 531-2016-00649) alleging discrimination based on race, color, national origin and retaliation.

10. On June 14, 2016, EEOC mailed its Notice of Right to Sue to Mr. Chowdhuri concerning in EEO Case No. 531-2016-00346. Consequently, Mr. Chowdhuri was afforded no further right. Instead, Mr. Chowdhuri was permitted to file the instant action within ninety (90) calendar days after his receipt of the Notice of Right to Sue.

11. On June 15, 2016, EEOC mailed its Notice of Right to Sue to Mr. Chowdhuri in EEO Case No. 531-2016-00649. Consequently, Mr. Chowdhuri was afforded no further right. Instead, Mr. Chowdhuri was permitted to file the instant action within ninety (90) calendar days after his receipt of the Notice of Right to Sue.

## FACTS COMMON TO ALL COUNTS

12. Plaintiff was hired on or about April 27, 2015 as a Software Engineer III and was assigned to SGT's Weather and Climate Computing Infrastructure Services contract, under which SGT served as a subcontractor to Cyberdata. SGT and Cyberdata are joint employers of Plaintiff.

13. Plaintiff's employment was located in College Park, Prince George's County, Maryland. Plaintiff's day-to-day work involved a high degree of skill. Prior to his hiring, Plaintiff possessed an in-depth background in weather prediction and weather prediction and forecasting systems.

14. Plaintiff's day-to-day work was performed under the supervision of Carmen Jenkins, a Cyberdata employee. Ms. Jenkins was also part of the interview committee that interviewed Plaintiff on or about March 9, 2015 prior to his hiring.

15. At-work direction or regulations and decisions for allowing annual leave were done through Cyberdata management on a day-to-day basis. Cyberdata was involved with keeping time records for Plaintiff. Cyberdata assigned tasks, monitored and evaluated Plaintiff's performance and recommended promotion. Cyberdata controlled to whom Plaintiff communicated with the government client and the manner of communication.

16. Cyberdata furnished Plaintiff with the equipment he used during his employment. Cyberdata also assigned, serviced and maintained this equipment. The place of work was furnished and changed by Cyberdata.

17. Beginning in and around September 2015, Plaintiff told Ms. Jenkins that the code in the ticket which was being reassigned to him from a former co-worker (Jonas Okwara) was being erroneously altered. In addition, Plaintiff stated that Mr. Okwara's work was exemplary,

that the code that he had developed was functional, that Mr. Okwara had been fired for no reason and that his code had been given an unreasonable performance review on the basis of his race (African American).

18. In response, Ms. Jenkins criticized Plaintiff for not speaking English properly.

19. Subsequent to this disclosure, Defendants began escalating discriminatory and retaliatory actions directed at Plaintiff.

20. Defendants also instituted a deliberate process of excluding non-Caucasian code developers. By the fourth quarter of 2015, all of the non-Caucasian developers had been discharged except for Plaintiff. The discharged non-Caucasian employees had similar or higher qualifications than the similarly situated Caucasian employees, and had been subjected to disparate treatment on the basis of their race.

21. The discharged non-Caucasian developers were given an unreasonable workload such that each/all would not be able to complete tasks timely. The discharged non-Caucasian employees were given unreasonable performance reviews.

22. Contemporaneously, Caucasian developers who were told that their assignments were taking too much time did not encounter adverse action, and some were further accommodated. Some of the Caucasian employees were making the same coding mistakes as non-Caucasian developers (including Plaintiff) allegedly were making - mistakes that were known to Defendants - without adverse effect.

23. Cyberdata instituted unreasonable performance reviews for Plaintiff from October 2015 through May 2016. Similarly-situated Caucasian employees were not subjected to this type of performance review.

24. These performance reviews were intended to create and continue an unbearable and hostile employment environment for Plaintiff.

25. Plaintiff notified Defendants that he had medical issues, including asthma, and would regularly have to get medical treatment in or around January 2016. Plaintiff informed and asked for permission from Ms. Jenkins before leaving for medical treatment and taking absences.

26. Defendants responded by placing Plaintiff on more unreasonable performance reviews to ensure that he would not be able to complete tasks even when he was ill.

27. Although Plaintiff informed Defendants that he was undergoing medical treatment for various ailments, including asthma, and would be highly prejudiced by the heavy workload, Defendants continued with unreasonable performance assessments.

28. Defendants escalated the unreasonable performance reviews after Plaintiff filed charges of discrimination set forth in ¶¶8, 9.

29. Prior to his complaint concerning disparate treatment, Plaintiff had not been alleged to have unsatisfactory job performance.

30. SGT engineered an excuse to fire Plaintiff by claiming that he had not provided notification of his medical treatment issues. Plaintiff had provided medical certificates for his asthma attacks and other ailments for which he was receiving treatment.

31. Cyberdata had the authority to fire and/or recommend firing Plaintiff. Cyberdata had no legitimate reason to fire or recommend firing of Plaintiff.

32. After consultation with one another, Plaintiff's work relationship was terminated by Defendants.

33. Upon information and belief, Plaintiff accumulated retirement benefits during his time working with Cyberdata.

**Count I**
**Both Defendants**
**Violation of Title VII- Discrimination based on Race**

34. Paragraphs 1-33 above are hereby incorporated by reference as if set forth fully herein.

35. By and through their conduct, Defendants violated Title VII of the Civil Rights Act of 1964, as amended, by discriminating against Plaintiff on the basis of race.

36. As detailed above, Plaintiff is a member of a protected group.

37. Defendants discriminated against Plaintiff in the termination of his employment on the basis of his protected group status, in violation of Title VII.

38. There is no legitimate, non-discriminatory reason for Defendants' actions. Any purported reason offered is pre-textual to mask unlawful discrimination and retaliation.

39. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained injuries and damages.

40. Defendants acted intentionally and/or with reckless disregard to cause harm to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, and seeks $300,000.00, or such other amount as is awarded by a jury, consisting of lost wages, benefits, reinstatement or front pay, punitive damages in the amount of $250,000.00, pain and suffering, emotional distress, mental anguish, interest calculated at the prevailing rate, as well as court costs and reasonable attorney's fees, the amount of tax on the verdict, and any such other relief as the court deems just and fair.

**Count II**
**Both Defendants**
**Violation of Title VII – Discrimination based on National Origin**

41. Paragraphs 1-33 above are hereby incorporated by reference as if set forth fully herein.

42. By and through their conduct, Defendants violated Title VII of the Civil Rights Act of 1964, as amended, by discriminating against Plaintiff on the basis of national origin.

43. As detailed above, Plaintiff is a member of a protected group.

44. Defendants discriminated against Plaintiff in the termination of his employment on the basis of his protected group status, in violation of Title VII.

45. There is no legitimate, non-discriminatory reason for Defendants' actions. Any purported reason offered is pre-textual to mask unlawful discrimination and retaliation.

46. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained injuries and damages.

47. Defendants acted intentionally and/or with reckless disregard to cause harm to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, and seeks $300,000.00, or such other amount as is awarded by a jury, consisting of lost wages, benefits, reinstatement or front pay, punitive damages in the amount of $250,000.00, pain and suffering, emotional distress, mental anguish, interest calculated at the prevailing rate, as well as court costs and reasonable attorney's fees, the amount of tax on the verdict, and any such other relief as the court deems just and fair.

**Count III**
**Both Defendants**
**Violation of Title VII – Discrimination based on Color**

48. Paragraphs 1-33 above are hereby incorporated by reference as if set forth fully herein.

49. By and through their conduct, Defendants violated Title VII of the Civil Rights Act of 1964, as amended, by discriminating against Plaintiff on the basis of color.

50. As detailed above, Plaintiff is a member of a protected group.

51. Defendants discriminated against Plaintiff in the termination of his employment on the basis of his protected group status, in violation of Title VII.

52. There is no legitimate, non-discriminatory reason for Defendants' actions. Any purported reason offered is pre-textual to mask unlawful discrimination and retaliation.

53. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained injuries and damages.

54. Defendants acted intentionally and/or with reckless disregard to cause harm to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, and seeks $300,000.00, or such other amount as is awarded by a jury, consisting of lost wages, benefits, reinstatement or front pay, punitive damages in the amount of $250,000.00, pain and suffering, emotional distress, mental anguish, interest calculated at the prevailing rate, as well as court costs and reasonable attorney's fees, the amount of tax on the verdict, and any such other relief as the court deems just and fair.

**Count IV**
**Both Defendants**
**Violation of Maryland Code, State Government Article, Title 20**

55. Paragraphs 1-33 above are hereby incorporated by reference as if set forth fully herein.

56. By and through their conduct, Defendants violated the Maryland Code, State Government Article, Title 20 by discriminating and retaliating against Plaintiff and engaging in unlawful employment practices.

57. As detailed above, Plaintiff is a member of a protected group.

58. Defendants discriminated and retaliated against Plaintiff in the termination of his employment on the basis of his protected group status.

59. There is no legitimate, non-discriminatory reason for Defendants' actions. Any purported reason offered is pre-textual to mask unlawful discrimination and retaliation.

60. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained injuries and damages.

61. Defendants acted intentionally and/or with reckless disregard to cause harm to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, and seeks $300,000.00, or such other amount as is awarded by a jury, consisting of lost wages, benefits, reinstatement or front pay, punitive damages in the amount of $250,000.00, pain and suffering, emotional distress, mental anguish, interest calculated at the prevailing rate, as well as court costs and reasonable attorney's fees, the amount of tax on the verdict, and any such other relief as the court deems just and fair.

**Count V**
**Both Defendants**
**Violation of Prince George's County Code, Div. 12, Subdivision 7**
**Prohibited Acts in Employment (§2-222)**

62. Paragraphs 1-33 above are hereby incorporated by reference as if set forth fully herein.

63. By and through their conduct, Defendants violated Prince George's County Code, Division 12, Subdivision 7, §2-222 by discriminating and retaliating in employment against Plaintiff on the basis of his race, national origin and/or color.

64. As detailed above, Plaintiff is a member of a protected group.

65. Defendants discriminated and retaliated against Plaintiff in the termination of his employment on the basis of his protected group status.

66. There is no legitimate, non-discriminatory reason for Defendants' actions. Any purported reason offered is pre-textual to mask unlawful discrimination and retaliation.

67. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained injuries and damages.

68. Defendants acted intentionally and/or with reckless disregard to cause harm to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, and seeks $300,000.00, or such other amount as is awarded by a jury, consisting of lost wages, benefits, reinstatement or front pay, punitive damages in the amount of $250,000.00, pain and suffering, emotional distress, mental anguish, interest calculated at the prevailing rate, as well as court costs and reasonable attorney's fees, the amount of tax on the verdict, and any such other relief as the court deems just and fair.

**Count VI**
**Both Defendants**
**Violation of 42 USC §1981**

69. Paragraphs 1-33 above are hereby incorporated by reference as if set forth fully herein.

70. By and through their conduct, Defendants did not afford Plaintiff equal rights under the law, and violated 42 USC §1981 by discriminating and retaliating against Plaintiff on the basis of race.

71. As detailed above, Plaintiff is a member of a protected group.

72. Defendants discriminated against Plaintiff in the termination of his employment on the basis of his protected group status.

73. Defendants engaged in disparate treatment. There is no legitimate, non-discriminatory reason for Defendants' actions. Any purported reason offered is pre-textual to mask unlawful discrimination and retaliation.

74. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained injuries and damages.

75. Defendants acted intentionally and/or with reckless disregard to cause harm to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, and seeks $300,000.00, or such other amount as is awarded by a jury, consisting of lost wages, benefits, reinstatement or front pay, punitive damages in the amount of $250,000.00, pain and suffering, emotional distress, mental anguish, interest calculated at the prevailing rate, as well as court costs and reasonable attorney's fees, the amount of tax on the verdict, and any such other relief as the court deems just and fair.

**Count VII**
**Both Defendants**
**Retaliation**

76. Paragraphs 1-33 above are hereby incorporated by reference as if set forth fully herein.

77. By disclosing Defendants' discriminatory practices and by filing his EEO Complaints in December 2015 and January 2016, Plaintiff engaged in protected activity.

78. Defendants' officials and/or management, knew of, and participated in, the protected activity.

79. As a result of Plaintiff pursuing a protected activity, he was subjected to adverse employment action taken by Defendants which was retaliatory.

80. As set forth above, Defendants have retaliated against Plaintiff, *inter alia,* by giving unreasonable workloads, providing unreasonable performance reviews and terminating his employment on the basis of his having made complaints and participated in the EEO process by filing a complaint alleging discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16 *et seq*. as amended, 42 U.S.C. §1981, Maryland Code, State Government Article 20 and the Prince George's County Code.

81. A genuine nexus exists between the retaliation and the adverse employment action suffered by Plaintiff.

82. Defendants' actions toward Plaintiff, who engaged in protected activity, constitutes a violation of the aforementioned statutes.

83. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained injuries and damages.

84. Defendants acted intentionally and/or with reckless disregard to cause harm to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, and seeks $300,000.00, or such other amount as is awarded by a jury, consisting of lost wages, benefits, reinstatement or front pay, punitive damages in the amount of $250,000.00, pain and suffering, emotional distress, mental anguish, interest calculated at the prevailing rate, as well as court costs and reasonable attorney's fees, the amount of tax on the verdict, and any such other relief as the court deems just and fair.

**Count VIII**
**Both Defendants**
**Hostile Work Environment**

85. Paragraphs 1-33 above are hereby incorporated by reference as if set forth fully herein.

86. Plaintiff has been subjected to actions and statements by Defendants that are sufficiently severe or pervasive to alter the terms and conditions of her employment, thereby constituting an adverse employment action. Based on Defendants' actions and statements, Plaintiff perceived the conduct to be abusive. In addition, a reasonable person would find Defendants' conduct and statements to be abusive.

87. Statements were made to and about Plaintiff about topics that included work assignments and other subjects relating to the terms and conditions of employment and had lasting consequences. These statements were made with a discriminatory and retaliatory animus.

88. Defendants' conduct and statements were frequent, severe, humiliating and unreasonably interfered with Plaintiff's job performance.

89. By and through its conduct, Defendants discriminated against him over a long timespan.

90. Defendants acted intentionally and/or with reckless disregard to cause harm to Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, and seeks $300,000.00, or such other amount as is awarded by a jury, consisting of lost wages, benefits, reinstatement or front pay, punitive damages in the amount of $250,000.00, pain and suffering, emotional distress, mental anguish, interest calculated at the prevailing rate, as well as court costs and reasonable attorney's fees, the amount of tax on the verdict, and any such other relief as the court deems just and fair.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts to the maximum extent permitted by law.

Respectfully submitted,

By: ______________________________

Alan Lescht, Esquire
Susan L. Kruger, Esquire
Marc E. Pasekoff, Esquire

Alan Lescht and Associates, P.C.
1050 17th Street, N.W.
Suite 400
Washington, D.C. 20036
(202) 463-6036 (tel.)
(202) 463-6067 (fax)
alan.lescht@leschtlaw.com
susan.kruger@leschtlaw.com
marc.pasekoff@leschtlaw.com
*Counsel for Plaintiff*

Dated: September 12, 2016