IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PARTHA A. RAI CHOWDHURI,

    Plaintiff,

v.                                  Civil Action No. PX 16-3135

SGT, INC.,
CYBERDATA TECHNOLOGIES, INC.,

    Defendants.

\*\*\*\*\*\*

**MEMORANDUM OPINION**

Pending in this employment discrimination case are motions for summary judgment filed by Defendants Cyberdata Technologies, Inc., ECF No. 129, and SGT, Inc. ECF No. 130. The issues have been fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the reasons stated below, Defendants' motions are GRANTED.

**I.**     **Background[1]**

On April 27, 2015, Partha A. Rai Chowdhuri ("Rai Chowdhuri") began working for SGT, Inc., ("SGT") a federal contractor. ECF No. 130-4 ¶¶1, 3. SGT served as a subcontractor to a prime contractor, Cyberdata Technologies ("Cyberdata"), which in turn staffed its contract with the National Oceanic and Atmospheric Administration ("NOAA"). *Id.* ¶2. Rai Chowdhuri, a software engineer, provided computer coding support at a NOAA facility in College Park, Maryland. *Id.* ¶3. In addition to Rai Chowdhuri, who is Asian and a native of India, the contract-employees at the NOAA facility were White, Asian, Hispanic and Black. *Id.* ¶4.

---

[1] The following facts are undisputed. The facts alleged by Rai Chowdhuri, which Defendants dispute in near totality, are summarized in this Court's earlier Memorandum Opinion, ECF No. 92.

In October of 2015, Rai Chowdhuri's supervisor, Carmen Jenkins, expressed concerns about his performance to the contract program manager, Rexford Bowling, noting that Rai Chowdhuri was taking longer than expected to finish tasks assigned to him and would become defensive when given negative feedback. *Id.* ¶¶6, 7. Jenkins also reported that Rai Chowdhuri's written comments were hard to follow, his work contained errors, and he had not been adequately prepared for a presentation. *Id.* ¶7. Jenkins later memorialized these concerns in an email to Bowling, stating that "[a]t this point in time, I don't think things are irreparable, but we need to see some changes soon." ECF No. 130-5. Bowling then shared Jenkins' concerns with Rai Chowdhuri. ECF No. 130-4 ¶10. In November of 2015, Rai Chowdhuri received a merit increase in salary and an annual bonus, which Bowling later explained was to "encourage improvement." *Id.* ¶11. Rai Chowduri received the lowest bonus of any SGT employee on the contract. *Id.*

On December 4, 2015, Rai Chowdhuri filed a discrimination complaint with the Prince George's County Human Relations Commission and the Equal Employment Opportunity Commission ("EEOC"), alleging that he and his non-white colleagues were "unjustly criticized or reviewed," while white employees "faced no disciplinary action despite acknowledged ineptitude and performance issues." ECF No. 135-2. Rai Chowdhuri told the EEOC he had received a "negative unjustified performance review" that he believed was due to his race, color, and national origin. *Id.*

On December 13, 2015, Jenkins shared with Bowling in person and by email ongoing issues with Rai Chowdhuri's performance. *Id.* ¶13, ECF No. 130-6. As a result, Bowling placed Rai Chowdhuri on a thirty-day Performance Improvement Plan ("PIP") beginning in January of 2016. ECF No. 130-4 ¶13. The PIP, developed in conjunction with SGT's human

resources department, identified four areas for improvement: technical competency, timeliness in completing assignments, communication, and work quality. ECF No. 130-7. In response, Rai Chowdhuri wrote a letter to Bowling, denying vehemently that he needed improvement in any of these areas and stating that after his performance review in October of 2015, he had filed a discrimination complaint with the EEOC. ECF No.130-8.

On January 15, 2016, Rai Chowdhuri filed a second discrimination complaint with the Prince George's County Human Relations Commission and the EEOC, reiterating his allegations that "only dark skinned employees on my same contract receive unjustified criticism regarding our performance[.]" ECF No. 135-4. Rai Chowdhuri also alleged in these complaints that in October of 2015, he had complained of discrimination towards a colleague who was fired, and that same month, Rai Chowdhuri also began to receive unjustified criticism of his work. *Id.*

On January 20, 2016, Jenkins informed Bowling that while Rai Chowdhuri's writing had become clearer, his most recent coding included a major error, he had been unprepared for a code review, and had raised his voice in response to Jenkins' feedback. ECF No. 130-9. Jenkins again reported ongoing concerns on February 3, 2016. ECF No. 130-4. In response to these issues and Rai Chowdhuri's increased absences from work, the PIP was extended another thirty days. ECF No. 130-4 ¶41.

On April 20, 2016, SGT terminated Rai Chowdhuri's employment. ECF No. 135-5. As grounds for termination, SGT noted the ongoing performance deficiencies which persisted throughout the 60-day PIP period and Rai Chowdhuri's inability to complete assignments, as more fully described in the written termination letter. *Id.*

Thereafter, the EEOC issued "Right to Sue" letters to Rai Chowdhuri on June 14 and 15, 2016. ECF Nos. 135-4, -6. On September 12, 2016, Plaintiff filed suit, alleging discrimination

based on race (Asian), national origin (India), and color ("dark skinned"), in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e; 42 U.S.C. § 1981; the Maryland Fair Employment Practices Act ("FEPA") Md. St. Code Ann. State Gov't § 20-601; and § 2-222 of the Prince George's County Code (Counts I-VI); Rai Chowdhuri also alleges that he was subject to a hostile work environment (Count VIII), and retaliation for filing his EEOC complaints (Count VII).

Defendants Cyberdata and SGT (collectively, "Defendants") now move for summary judgment as to all counts, arguing that Plaintiff has failed to generate sufficient evidence to sustain his burden at trial as to all counts. For the following reasons, the Court agrees.

**II.     Standard of Review**

Summary judgment is appropriate when the Court, construing all evidence and drawing all reasonable inferences in the light most favorable to the non-moving party, finds no genuine dispute exists as to any material fact, thereby entitling the movant to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see In re Family Dollar FLSA Litig.*, 637 F.3d 508, 512 (4th Cir. 2011). Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In responding to a proper motion for summary judgment," the opposing party "must present evidence of specific facts from which the finder of fact could reasonably find for him or her." *Venugopal v. Shire Labs.*, 334 F. Supp. 2d 835, 840 (D. Md. 2004), *aff'd sub nom. Venugopal v. Shire Labs., Inc.*, 134 F. App'x 627 (4th Cir. 2005) (citing *Anderson v. Liberty Lobby,* 477 U.S. 242, 252 (1986)); *Celotex*, 477 U.S. at 322–23. Genuine disputes of material fact are not created "through mere speculation or the building of one inference upon

another." *Othentec Ltd. v. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)). Where a party's statement of a fact is "blatantly contradicted by the record, so that no reasonable jury could believe it," the Court credits the record. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. Discussion

#### A. Discriminatory Discharge (Counts I-VI)

Rai Chowdhuri argues that he was terminated on the basis of his race (Asian), national origin (Indian) and color ("dark skinned") in violation of Title VII and its state and local statutory analogs. Because the federal, state, and local claims are subject to the same standards of proof, the Court will treat the claims together. *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 n.1 (4th Cir. 2004); *Dyer v. Oracle Corp.*, No. PWG-16-521, 2016 WL 7048943, at *2 (D. Md. Dec. 5, 2016); *Schmidt v. Town of Cheverly, MD.*, 212 F. Supp. 3d 573, 579 (D. Md. 2016).

Rai Chowdhuri's discrimination claims are analyzed under the burden-shifting framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Wells v. BAE Sys. Norfolk Ship Repair*, 483 F. Supp. 2d 497, 507–08 & n.8 (E.D. Va. 2007); *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55 (4th Cir. 1995), *as amended* (June 9, 1995), *as amended* (Mar. 14, 2008); *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 278 (4th Cir. 2000); *Riddick v. MAIC, Inc.*, 445 F. App'x 686, 687, 689 (4th Cir. 2011). Pursuant to *McDonnell Douglas*, Rai Chowdhuri first must establish a *prima facie* case of discrimination by demonstrating that (1) he is a member of a protected group, (2) he was discharged, (3) he was fulfilling Defendants' legitimate expectations at the time of his discharge, and (4) the circumstances of his discharge raise a reasonable inference of unlawful discrimination (or that

5

the position was filled by a similarly qualified applicant outside the protected class).  *See Wells*, 483 F. Supp. 2d at 507; *Ennis*, 53 F.3d at 58; *King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003).

If Rai Chowdhuri establishes his *prima facie* case, the burden then shifts to Defendants to offer a legitimate, non-discriminatory reason for his discharge.  *See Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216–17 (4th Cir. 2016).  If Defendants produce evidence justifying discharge, the burden then shifts back to Rai Chowdhuri to raise a genuine dispute of material fact as to whether the grounds for discharge are mere pretext for discrimination.  *See id*.  Although the framework "involves a shifting back and forth of the evidentiary burden, Plaintiff, at all times, retains the ultimate burden of persuading the trier of fact that the employer discriminated in violation of" the law.  *Venugopal*, 334 F. Supp. 2d at 841.

First with respect to Rai Chowdhuri's *prima facie* case, viewing the evidence most favorably to him, he failed to demonstrate that he had been fulfilling Defendants' legitimate employment expectations at the time of discharge.  From October of 2015 to Plaintiff's termination in April of 2016, Defendants consistently documented Rai Chowdhuri's deficiencies in the speed and quality of his work and offered suggestions for improvement.  When Plaintiff's performance continued to suffer, Defendants imposed a thirty-day PIP which was extended to sixty days in an effort to address his delays and deficiencies in work product.  Indeed, Rai Chowdhuri acknowledged that his work suffered from delays due to code errors.  ECF 135-1 at 63-65, 77, 82, 91.

Although Rai Chowdhuri attempts to explain his code errors by asserting that some anonymous third party made "changes" to his coding, he has marshalled no evidence to support his suspicions.  *See* ECF 125-1 at 274-75.  Because suspicion, standing alone, amounts to little

more than speculation, it is insufficient to create a genuine issue of disputed fact as to the adequacy of Rai Chowdhuri's work performance.[2]

In response, Rai Chowdhuri vigorously argues that his salary increase and bonus distributed in November of 2015 is sufficient evidence to demonstrate that he was fulfilling Defendant's legitimate employment expectations. Even assuming that such an inference is plausible as of November 2015, Chowdhuri was not terminated until five months later, after a pattern of coding errors, delay in work productivity, absences, and other work-related deficiencies culminated in a sixty-day PIP. Accordingly, a one-time pay increase of modest proportions five months before termination cannot generate a dispute of material fact that Chowdhuri was not meeting his employer's legitimate expectations *at the time of discharge*.

Chowdhuri next contends that he "does not believe that he was incompetent at performing his job," ECF No. 134 at 25, thus generating a sufficient issue of disputed fact on performance for resolution at trial. The Court disagrees. Such self-evaluation "of course cannot establish a genuine issue" as to whether he was meeting employer expectations. *King*, 328 F.3d at 149. *See also Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960–61 (4th Cir. 1996) ("It is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff." (citation and internal quotation marks omitted)). Indeed, for the Court to hold otherwise would allow every discharge claim to reach the jury on the self-serving evaluation of the Plaintiff alone. Without evidence to corroborate that which Rai Chowdhuri claims, he has

---

[2] Rai Chowdhuri often complained to the Federal Bureau of Investigation of others tampering with his code, ECF 130-18 at 5-11, although the agency never responded in a manner consistent with crediting such complaints. SGT's security team also investigated Rai Chowdhuri's assertions of tampering and "found no evidence of any unauthorized entry". ECF No. 130-4. The Court also notes that even if someone tampered with Chowdhuri's code, coding was only one of many performance deficiencies; Chowdhuri also does not contest that his work included coding errors that he had not corrected.

simply failed to generate sufficient facts to demonstrate that he was meeting his employment expectations at the time of discharge.

Alternatively, even if Rai Chowdhuri could establish a *prima facie* case, he has nonetheless failed to generate sufficient evidence to rebut Defendants' legitimate, non-discriminatory reasons for terminating him. Rai Chowdhuri offers no evidence that Defendants' reasons for discharge were pretextual and that his race, color, or national origin were the true motive behind his termination. Instead, Rai Chowdhuri broadly disagrees that his work performance was deficient and asserts that his work "environment was not favorable . . . for good quality code development in time." ECF No. 134 at 30. Critical to the analysis here, the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby, Inc.,* 477 U.S. at 248 (quoting former Rule 56(e)). Rai Chowdhuri has marshalled precious little besides his assertion that he was performing well in his job. This is not enough to create a genuine issue of disputed fact that the grounds for his termination were pretextual. Summary judgment as to the discrimination claims is, therefore, granted.

**B. Retaliation (Count VII)**

Rai Chowdhuri's retaliation claim is governed by the same burden-shifting framework as his discriminatory discharge claim. *See Strothers v. City of Laurel*, 895 F.3d 317, 327 (4th Cir. 2018). To make out a *prima facie* case of retaliation, Rai Chowdhuri must demonstrate that: (1) he engaged in protected activity, (2) Defendants took an adverse action against him, and (3) a causal link exists between the two. *Id.* at 327; *Rhoads v. FDIC*, 257 F.3d 373, 391–92 (4th Cir. 2001). If plaintiff puts forward sufficient evidence on his *prima facie* case, the burden then shifts to the defendant to show that the "purportedly retaliatory action was in fact the result of a

legitimate non-retaliatory reason." *Id*. at 328 (quoting *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015)). The plaintiff then must demonstrate that such evidence supporting a legitimate reason for the adverse action is instead pretextual. *Id.*

The gravamen of Rai Chowdhuri's retaliation claim rests on adverse employment action taken after he filed two complaints with the EEOC in December of 2015 and January of 2016. ECF No. 19 ¶89. Rai Chowdhuri more particularly contends that once Defendants learned of his complaints, they retaliated by "giving unreasonable workload, providing unreasonable performance reviews, and terminating his employment[.]" *Id.* ¶92.

It is undisputed that Rai Chowdhuri's EEOC complaints are protected activity and discharge is an adverse employment action, thus satisfying the first two elements of the *prima facie* case. The evidence is scant as to the causal link between the two. Rai Chowdhuri complained to the EEOC in December 2015 and January 2016 and was discharged the following April. Although "temporal proximity is sufficient to establish a causal connection at the *prima facie* stage," *Strothers*, 2018 WL 3321317 at *11, when "a plaintiff rests his case on temporal proximity alone, the temporal proximity must be very close." *Penley v. McDowell Cty. Bd. of Educ.*, 876 F.3d 646, 656 (4th Cir. 2017). *See King*, 328 F.3d at 151 n.5 (two and a half month gap between filing of EEOC complaint and termination "is sufficiently long so as to weaken significantly the inference of causation between the two events."). The Court is not convinced that a near three-month gap between the protected conduct and his termination, without any other evidence, is sufficient to survive challenge.

That said, even assuming Rai Chowdhuri has demonstrated a *prima facie* case, he has failed to rebut Defendants' legitimate, non-retaliatory reason for terminating him. Rai Chowdhuri relies solely on his complaints to the EEOC as evidence of pretext. However, "'mere

knowledge on the part of an employer that an employee . . . has filed a discrimination charge is not sufficient evidence of retaliation to counter substantial evidence of legitimate reasons' for any adverse action taken by the employer." *Thomas v. City of Annapolis*, No. BPG-16-3823, 2018 WL 4206951, at *10 (D. Md. Sept. 4, 2018) (quoting *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989)). Accordingly, because Plaintiff has failed to produce evidence that the reasons for termination were pretextual, the claim does not withstand challenge.

### C. Hostile Work Environment (Count VIII)

"A hostile work environment exists 'when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment.'" *Chang Lim v. Azar*, 310 F. Supp. 3d 588, 599 (D. Md. 2018) (quoting *Boyer–Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (en banc). To prove such a claim, a plaintiff must show that (1) the plaintiff experienced unwelcome harassment; (2) the harassment was based on the plaintiff's race, color, religion, national origin, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and to create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. *Baquir v. Principi*, 434 F.3d 733, 745–46 (4th Cir. 2006).

Notably, Plaintiff must demonstrate that "a reasonable person would have found [the workplace] to be objectively hostile." *Allen v. TV One, LLC*, No. DKC 15-1960, 2016 WL 337533, at *7 (D. Md. Jan. 28, 2016) (citing *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003)). Plaintiff cannot rest on his subjective beliefs alone. *Id.* Whether Plaintiff has demonstrated the existence of a sufficiently hostile work environment is assessed "'by looking at all the circumstances,' which 'may include the frequency of the discriminatory

conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Boyer-Liberto*, 786 F.3d at 277 (quoting *Harris v. Forklift Systems*, 510 U.S. 17, 22 (1993). "[C]allous behavior" of superiors is insufficient, *Bass*, 324 F.3d at 765, as is "[l]egitimate criticism of poor performance." *Gomez v. Burwell*, No. RWT 14-00580, 2015 WL 1522926, at *4 (D. Md. Apr. 2, 2015). *See also Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 190 (4th Cir. 2004) (granting summary judgment on a hostile work environment claim based on a critical competency assessment).

Rai Chowdhuri contends that Defendants created a hostile work environment by making "statements . . . to and about Plaintiff about topics that included work assignments and other subjects relating to the terms and conditions of employment and had lasting consequences." ECF No 19 ¶99. Plaintiff further contends that white developers were assigned simpler projects and given work space that was more conducive to productivity, but does not produce any evidence supporting these comparisons in work space or assignments. Plaintiff also views his supervisor's critique as to writing in the passive voice (making "his documentation incredibly difficult to follow," ECF No. 130-5), as harassment because passive tense "is widely used in India" and "not related to developing code." ECF No. 134 at 37.

The complained-of conduct does not describe a legally cognizable "hostile work environment." Negative work evaluations alone are not sufficient. *See Chang Lim,* 310 F. Supp. 3d at 599. Nor is less-than ideal work space accommodations. That Rai Chowdhuri subjectively experienced workplace "hostility," albeit sincerely felt, cannot constitute sufficient evidence to support the claim. *Bass*, 324 F.3d at 765 ("The words 'hostile work environment' are not talismanic, for they are but a legal conclusion[.]"). Viewed in the light most favorable to Rai

11

Chowdhuri, he has not produced sufficient evidence to support a hostile work environment claim.

**IV.     Conclusion**

The Court does not doubt that Rai Chowdhuri feels deeply wronged in having been terminated from his job.  The Court's analysis, however, must be guided by the evidence adduced.  To Rai Chowdhuri's certain disappointment, the evidence, viewed most favorably to him, is simply insufficient for the claims to proceed to trial.  Because no reasonable fact-finder could conclude that Defendants fired Rai Chowdhuri because of discriminatory animus or retaliatory motive, or that they created a hostile work environment, Defendants' motions for summary judgment are GRANTED.  A separate Order follows.


10/24/2018_____                                                   _____/S/_____
Date                                                                                            Paula Xinis
                                                                                                United States District Judge